# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-303V
Filed: July 30, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ROBERT VANOSDOL, | |
| Petitioner, | Damages Decision Based on Proffer; Tetanus diphtheria acellular pertussis ("Tdap"); Brachial Neuritis; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Table Injury; Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*John Robert Howie, Jr.*, Howie Law, P.C. Dallas, TX, for petitioner.
*Lara Ann Englund*, U.S. Department of Justice, Washington, DC for respondent.

### DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On March 25, 2015, Robert VanOsdol filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he suffered brachial neuritis following administration of a Tetanus, diphtheria and acellular pertussis (Tdap) vaccine on April 13, 2012. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 22, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for brachial neuritis. On July 30, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $75,000.00. Proffer at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $75,000.00 in the form of a check payable to petitioner, Robert VanOsdol.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ROBERT VANOSDOL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 15-303V |
| ) | Chief Special Master Denise Vowell |
| SECRETARY OF ) | |
| HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.   Compensation for Vaccine Injury-Related Items**

Respondent proffers that, based on the evidence of record, petitioner should be awarded $75,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); -15(a)(3)(A); and -15(a)(4).  Petitioner agrees.

**II.   Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as a lump sum payment of $75,000.00, in the form of a check payable to petitioner.[1]  Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

                                RUPA BHATTACHARYYA
                                Director
                                Torts Branch, Civil Division

                                VINCENT J. MATANOSKI
                                Deputy Director
                                Torts Branch, Civil Division

                                HEATHER L. PEARLMAN
                                Senior Trial Attorney
                                Torts Branch, Civil Division

                                <u>s/ LARA A. ENGLUND</u>
                                LARA A. ENGLUND
                                Trial Attorney
                                Torts Branch, Civil Division
                                U.S. Department of Justice
                                P.O. Box 146 Benjamin Franklin Station
                                Washington D.C. 20044-0146
                                Tel: (202) 307-3013

Dated: July 30, 2015